UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAIK NAVAZ AHMED,<br>Plaintiff,<br>v.<br>BROADCOM INC.,<br>Defendant. | Case No. 26-cv-03392-JD<br><br>**ORDER RE IFP APPLICATION, DISMISSAL, AND STAY** |

Pro se plaintiff Shaik Navaz Ahmed, a resident of India, sued defendant Broadcom Inc. for firing him and other ostensible claims. Dkt. No. 1. Ahmed asks to proceed in forma pauperis ("IFP"). Dkt. No. 2. The request is granted in part, and the complaint is dismissed with leave to amend.

IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether the plaintiff's financial status excuses payment of the court's filing fee. The information Ahmed provided warrants a reduction of the filing fee, but not a complete elimination of it. Ahmed is required to pay 50% of the filing fee due in this case, and a payment of $202.50 must be made no later than August 14, 2026.

The next question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff, Ahmed gets a liberal construction of his complaint and the benefit of any doubts, but he still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-1514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015).

United States District Court
Northern District of California

The complaint did not do so. The complaint is difficult to understand and the claims are not at all clear. The form "Employment Discrimination Complaint" says that "[t]his action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination." Dkt. No. 1 at ECF p. 1. But behind that is a "First Amended Complaint" which appears to allege causes of action under the "ADA" (presumably the Americans with Disabilities Act), Title VII, FEHA, "failure to accommodate," "whistleblower retaliation," and "wrongful termination in violation of public policy." *Id*. at ECF pp. 14-15. Overall, it is not possible to discern a plausible claim in this hodgepodge of statements.

It bears mention that the complaint is also virtually devoid of facts. To take one example, it mentions "national origin discrimination," *id*. at ECF p. 2, but did not identify Ahmed's national origin, much less how he might have been discriminated against because of it. The complaint references "disability discrimination," *id*. at ECF p. 15, but again without any facts identifying a disability or how Ahmed might have discriminated against.

Consequently, the complaint is dismissed. Ahmed may file an amended complaint by August 14, 2026. He is advised to state his claims plainly, and to support it with facts. In addition, the amended complaint may not include claims under Title VII or the ADA unless facts are alleged to establish that Ahmed is a United States citizen. *See* 15 U.S.C. §§ 2000e(f), 2000e-1(a); 42 U.S.C. § 12111(4). The amended complaint must be a single document that stands on its own without references to other pleadings. Ahmed is advised that this will likely be the last opportunity to allege a plausible claim.

A failure to pay the 50% filing fee or to file an amended complaint by the deadline, or to otherwise fail to comply with this order, will result in dismissal of the case under Federal Rule of Civil Procedure 41(b). Pending further order, the case is stayed in all other respects.

**IT IS SO ORDERED.**

Dated: July 24, 2026

JAMES DONATO
United States District Judge